# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

EZRA DAVIS,

    Plaintiff,

vs.                                     CASE NO. CV-05-J-1721-NE

BOARD OF DIRECTORS OF THE
HARVEST-MONROVIA WATER AND
FIRE PROTECTION AUTHORITY, and
ROGER RABY, individually and in his
official capacity,

    Defendants.

## **MEMORANDUM OPINION and ORDER**

Pending before the court are the defendants' motions to dismiss (docs. 2 and 3), a joint brief in support of the defendants' motions (doc. 4), and plaintiff's response (doc. 9).[1] In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).

The court having considered said motions, brief in support of said motions, and response, finds as follows:

---

[1] In his response, the plaintiff argues that this case should be remanded to state court. However, the plaintiff has failed to file a motion to remand.

The plaintiff commenced this action by filing a complaint in the Circuit Court of Madison County, Alabama, asserting he was wrongfully terminated from his job with defendant with Harvest-Monrovia Water and Fire Protection Authority ("Authority").  Complaint, ¶¶ 4-5, 11.  He filed an appeal of his termination, in accordance with the grievance procedures set forth in the Authority's Personnel Policies and Procedures Handbook.  Complaint, ¶¶ 6-7.  The plaintiff alleges that defendant Roger Raby ("Raby"), as General Manager of defendant Authority, had the duty to review the appeal and provide the plaintiff with written notification of findings and a decision.  Complaint, ¶ 8.  The plaintiff claims that Raby failed to respond to his appeal, and rather than following the Handbook Procedures which allowed the plaintiff to next submit his grievance to the Authority Board of Directors ("Board"), the Board had a letter sent to plaintiff stating merely that they "confirmed" his dismissal.  Complaint,¶¶ 8-9.

The plaintiff asserted in his appeal that he was terminated based on his race. In his complaint he also alleges that the defendants ignored the Handbook Procedures for the handling of discrimination complaints.  Complaint, ¶ 10.  The plaintiff asserts he was treated differently than white employees who engaged in similar actions.[2]

---

[2]The plaintiff did not bring any claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, or pursuant to 42 U.S.C. § 1983.

Complaint, ¶ 11.  The plaintiff states claims against both defendants for breach of contract (Count 1), denial of due process under the 5th and 14th Amendments to the United States Constitution and the Alabama Constitution of 1901 (Count 2), denial of equal protection under the 14th Amendment to the United States Constitution (Count 3) and a declaratory relief request (Count 4).

The defendants filed a notice of removal (doc. 1), asserting federal court jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 based on the plaintiff's claims of violations of his constitutional rights.  Notice of Removal, ¶ 3.  Furthermore, the defendants assert this court has supplemental jurisdiction over the remainder of the plaintiff's claims.  Notice of Removal, ¶ 4.

Defendant Authority filed a motion to dismiss asserting that the plaintiff's complaint fails to state a claim upon which relief may be granted, that the plaintiff does not have a direct right of action under the United States Constitution, that substantive due process rights do not exist in a public employment context, that the complaint does not state a maintainable claim that the defendant violated the plaintiff's Fourteenth Amendment procedural due process rights, that the plaintiff has state court remedies available that are adequate to remedy any procedural deficiencies

in plaintiff's termination,[3] and that plaintiff's claims for damages under the Alabama Constitution are due to be dismissed as a matter of law.  Defendant Raby's motion to dismiss echoes the Authority's motion, except that defendant Raby also asserts qualified immunity from claims arising under 42 U.S.C. § 1983, that the official capacity claims against him are due to be dismissed as redundant, and that the plaintiff cannot sue him individually for breach of contract as the plaintiff did not contract with defendant Raby, individually.

As the defendants relied on federal question jurisdiction in removing this case from state court, the court first examines whether any such jurisdiction exists. "[C]ourts have an obligation to assess their subject matter jurisdiction *sua sponte*." *Tennessee Valley Authority v. Whitman,* 336 F.3d 1236, 1257 (11th Cir.2003); citing *Freytag v. C.I.R.*, 501 U.S. 868, 896, 111 S.Ct. 2631, 2648, 115 L.Ed.2d 764 (1991). *See also Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir.2004), citing *Galindo-Del Valle v. Att'y Gen.,* 213 F.3d 594, 599 (11th Cir.2000); *U. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999).

Not every allegation of federal law is proof that federal question jurisdiction exists.  *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115, 57 S.Ct. 96, 81

---

[3] The court is of the opinion this argument negates defendants' argument that plaintiff's claim fails to state a claim upon which relief may be granted.  Surely, if state law remedies are available to the plaintiff which could remedy the allegations of his complaint, the complaint has stated a claim upon which relief may be granted.

L.Ed. 70 (1936). Rather, federal jurisdiction is established through use of the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S.1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In order for a case to be removable, the cause of action which makes the cause removable must be revealed "on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

The plaintiff has alleged violations of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. However, the plaintiff has not brought a claim pursuant to 42 U.S.C. § 1983. Section 1983 was enacted to provide a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See e.g., Sasser v. Alabama Dept. Of Corrections*, 373 F.Supp.2d 1276, 1290-1291 (M.D.Ala.2005), citing 42 U.S.C. § 1983. In order to establish a claim under § 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law. *See, e.g., Graham v. Connor,* 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("§ 1983 is not itself a source of substantive

rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)); *Cummings v. DeKalb County,* 24 F.3d 1349, 1355 (11th Cir.1994).

Conversely, the United States Constitution establishes many rights, but provides no means by which to sue for their violations in federal court.  Federal courts have hesitated to find causes of action arising directly from the Constitution, except where no other means exist for seeking redress for violations of the plaintiff's constitutional rights.  *Hearth, Inc. v. Department of Public Welfare*, 612 F.2d 981, 982 (5th Cir.1980).   Here, Congress has provided a means of seeking relief against officials who violate the Constitution, namely 42 U.S.C. § 1983.  Failure to invoke the protection of § 1983 has been held to be a fatally defective flaw to federal jurisdiction.  *See id.  See also Strong v. Demopolis City Board of Education*, 515 F.Supp. 730, 732 n. 1 (S.D.Ala.1981)("The sounder approach would be not to imply a cause of action under the fourteenth amendment.  Congress has provided, in the body of § 1983, a remedy to plaintiffs ...").

Because the plaintiff has failed to plead a cause of action pursuant to 42 U.S.C. § 1983, the court is of the opinion that the plaintiff's claims under the fourteenth amendment fail to state an adequate basis for federal jurisdiction pursuant to 28

U.S.C. § 1331.[4]  *See e.g., Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979), (quoting *Great N. Ry. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918)) ("(W)hether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition").

Finding jurisdiction lacking, the court does not reach any of the substantive issues raised in the plaintiff's complaint.

Having considered the foregoing, and being of the opinion that federal jurisdiction is lacking;

It is therefore **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Madison County, Alabama pursuant to 28 U.S.C. § 1447(c)("[i]f, at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**DONE** and **ORDERED** this the 11th day of October, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[4] As the court is of the opinion that it lacks jurisdiction pursuant to 28 U.S.C. § 1331, the court has no basis to exercise supplemental jurisdiction over the plaintiff's state law claims.